[Crim. No. 1861. First Appellate District, Division Two.—January 23, 1936.]

THE PEOPLE, Respondent, v. EDWARD CHAVEZ, Appellant.

Edward Chavez, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—This is an appeal from an order denying a motion to annul, vacate and set aside a judgment and commitment.

The defendant and appellant was tried upon an information charging the crime of "burglary in the first degree". The jury found the defendant guilty of "burglary in the first degree", and upon that verdict judgment was entered on March 9, 1935, and the defendant was duly committed to the state prison at Folsom. He did not ask for a new trial and took no appeal from the judgment. On August 14, 1935, he filed a motion to annul, vacate and set aside the judgment and commitment on the ground that the judgment and commitment were null and void because the verdict was not sufficient to sustain the judgment.

Appellant's point is that since the information pleaded a certain set of facts designated in the code as constituting burglary in the first degree, it was necessary for the jury to find the truth of those facts pleaded and against every other element specified in the code as constituting that crime. It must, of course, be conceded that unless the verdict or

judgment is void on its face, it cannot be attacked in this motion to annul; any matter of error occurring therein must be raised on an appeal from the judgment, and if not so raised, it will be deemed to have been waived.

The information charged the offense of "burglary in the first degree". It then pleaded facts showing a felonious entry into a dwelling house in the night time. The verdict read "guilty of burglary in the first degree". This was all that was necessary under the statute. In finding the defendant "guilty", the verdict imported a conviction of the offense charged in the information. (Sec. 1151, Pen. Code.) This offense was the crime defined as burglary in sections 459 and 460 of the code. If that offense had not been segregated into first and second degrees, the verdict need have said nothing more than "guilty". It was, therefore, by reason of section 1157 alone that the jury was required to find "the degree of the crime of which he is guilty". This the jury did when it added to its verdict "in the first degree". (*People* v. *O'Neal,* 2 Cal. App. (2d) 551, 557 [38 Pac. (2d) 430] ; 8 Cal. Jur., p. 406.) For these reasons neither the verdict nor the judgment which is based upon it is void on the face, and hence, neither is open to attack upon this motion to annul.

Appellant lays stress upon *People* v. *Tilley,* 135 Cal. 61 [67 Pac. 42] and other cases which preceded section 4½ of article VI of the Constitution. These cases which followed the rule of strict interpretation, and which were reversed on a meager showing of error, were decided upon an appeal from the judgment. None supports the argument of appellant that the verdict here in question was void upon its face.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 7, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 20, 1936.