[Crim. No. 613. Fourth Dist. July 14, 1941.]

THE PEOPLE, Respondent, v. WARREN MARR, Appellant.

Benjamin D. Frantz for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant pleaded guilty to two counts of an indictment charging him with violations of the Corporate Securities Act. Some two and one half years later, he moved to vacate the judgment on the ground that the court had no. jurisdiction to enter the same because neither count of the indictment stated a public offense. This appeal is from the order denying that motion.

Each count of the indictment alleged that the appellant at a certain time and place wilfully, unlawfully and knowingly sold to a certain person "a security and certificate of interest in the North American National Corporation" without the appellant "or anyone else" having obtained a permit from the Corporation Commissioner of this state. The appellant contends that no public offense was there stated. It is argued that the indictment does not allege the selling of a certificate of interest in a "profit sharing agreement" or a certificate of interest in an "oil, gas or mining title or lease" and that these are the only certificates of interest which are defined as securities in the Corporate Securities Act.

Subsection 7 of section 2 (a) of the Corporate Securities Act [Deering's Gen. Laws, 1937, Act 3814] at the time in question, read in part as follows:

"The word 'security' shall include any stock, bond, note . . . certificate of interest or participation, certificate of interest in a profit-sharing agreement, certificate of interest in an oil, gas, or mining title or lease . . . any transferable share, investment contract. . . . "

By its language this section defines a certificate of interest or participation as a security and then goes on to separately define as securities "a certificate of interest in a profit-sharing agreement" and "a certificate of interest in an oil, gas or mining title or lease." It cannot be held that the first of these definitions is meaningless or that it was intended

to exclude all certificates of interest except those in profit-sharing agreements and those in oil, gas or mining titles or leases. The inclusion in the statutes of the words ''certificate of interest or participation,'' in addition to the certificates of interest which are otherwise specifically mentioned, indicates an intention to include some other certificates of interest as securities. In view of the purpose of the entire act it is only reasonable to suppose that it was intended by this portion thereof to define as a security a certificate of interest or participation in a corporation or association, which is one of the more common forms of the general kind of securities which the act was designed to cover.

 The appellant relies on *People* v. *Davenport,* 21 Cal. App. (2d) 292 [69 Pac. (2d) 862], in which the court held that an allegation that the defendant had sold an ''investment contract'' was not sufficient to state a cause of action since some investment contracts may lawfully be sold without obtaining a permit from the Commissioner of Corporations. There is a wide difference between an investment contract in general and a certificate of interest, and the case just cited is not controlling here. The indictment here in question, in the language of *People* v. *Walther,* 27 Cal. App. (2d) 583 [81 Pac. (2d) 452], ''states a public offense in the precise language of the statute in plain language sufficient to inform a person of common understanding of the exact offense with which the appellant is charged.'' In this case, the appellant was charged with selling a security and certificate of interest in the North American National Corporation. We think this was sufficient to state a cause of action under the Corporate Securities Act and it was certainly sufficiently specific to apprise the appellant of the precise thing with the selling of which he was charged. Nor can it be argued that he might have been merely selling his own property which had originally been issued and sold by another, since it was alleged that neither the appellant nor anyone else had obtained a permit from the corporation commissioner. While it may be conceded that the indictment is not a model the minor irregularities therein, if deemed material in any way, could and should have been directly attacked before or after judgment.

In our opinion, the indictment is not so defective as to make the judgment absolutely void upon its face and in such a situation the judgment may not be collaterally attacked.

(*People* v. *Clark,* 24 Cal. App. (2d) 302 [74 Pac. (2d) 1070].) Not being void on its face, any errors or uncertainties could have been reached by appropriate action before judgment or presented on appeal from the judgment and are, therefore, not reviewable on an appeal from an order denying a motion to vacate the judgment. (*People* v. *Ramirez,* 139 Cal. App. 380 [33 Pac. (2d) 848].)

The order appealed from is affirmed.

Marks, J., and Kelly, J., *pro tem.*, concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 11, 1941.