[Crim. No. 2631.  First Dist., Div. One.  Mar. 27, 1950.]

THE PEOPLE, Respondent, v. JOHN E. WARD, Appellant.

John E. Ward, in pro. per., for Appellant.

Fred N. Howser, Attorney General and David K. Lener, Deputy Attorney General, for Respondent.

PETERS, P. J.—On March 19, 1945, defendant was sentenced to life imprisonment without possibility of parole after being convicted of a kidnapping in which the jury found that the victim suffered bodily harm. (Pen. Code, § 209.) Four years later, in May of 1949, he moved the trial court to annul, vacate and set aside that portion of the judgment denying him the possibility of parole. That motion was denied on the grounds that it was "groundless and without merit." Defendant appeals.

From the clerk's transcript the following facts can be ascertained: On November 18, 1944, the defendant was charged by information with a prior conviction and with eight felonies. The eight counts were as follows:

Count 1—kidnapping of Harold Bass on July 25, 1944;

Count 2—robbery of Harold Bass on July 25, 1944;

Count 3—robbery of Ralph Herget on July 28, 1944;

Count 4—rape of Sally Gilbert on July 29, 1944;

Count 5—kidnapping of Sally Gilbert on July 29, 1944;

Count 6—robbery of Sally Gilbert on July 29, 1944;

Count 7—assault with intent to commit rape on Martha Escher on August 24, 1944; and

Count 8—robbery of Martha Escher on August 24, 1944.

Defendant admitted the prior, but pleaded not guilty to the eight felony counts. On his first trial the jury disagreed as to six of the counts, but found him guilty of second degree robbery on counts 3 and 8. On the second trial defendant was found guilty of the other six counts. As to counts 2 and 6, the crimes were determined to be of the first degree. As to count 1, the jury found that the victim had suffered bodily harm, and fixed the sentence at life imprisonment without possibility of parole, and defendant was so sentenced. A motion for a new trial was denied. All during these proceedings the defendant was represented by the public defender of the county.

No appeal was taken from the judgment or from the order denying the motion for a new trial. Since March of 1945, defendant has been incarcerated, first at San Quentin and later at Folsom. Since his incarceration he has taken various legal steps in *propria persona* to attack the judgment. In May of 1947, he sought by motion to compel the preparation of records in his case. The motion was denied. No appeal was taken. On October 1, 1947, his petition for *coram nobis* was denied, and no appeal taken. On January 6, 1948, the Third

Appellate District denied his petition for habeas corpus. On September 20, 1948, his motions for records in his case, and to be brought before the trial court, were denied. No appeal was taken. Then, on May 16, 1949, this present motion was denied and this appeal taken.

The basic contention of defendant is that the trial court, on the present motion, abused its powers by its failure to modify the judgment by striking the provision denying him the possibility of parole because, so defendant claims, the jury verdict so providing was contrary to the evidence in that the evidence on his main trial showed that no bodily harm was suffered by the victim. To support this contention, defendant purports to quote a portion of the redirect examination of the victim Harold Bass in which Bass is claimed to have testified that defendant locked him into the luggage compartment of an automobile, where he was compelled to lie doubled up for 45 minutes; that he did not suffer any "extreme discomfort"; that he suffered no physical injuries and no bodily harm.

Defendant, some four years after his conviction, is trying to use this motion, entitled a "motion to annul, vacate and set aside" the challenged portion of the judgment, for the purpose of having it determined that the challenged portion of the judgment is unsupported by the evidence—i.e., he is seeking to have this motion serve the same purpose as an appeal would have done. Such a remedy is not now available to defendant.

The parties differ as to the nature of the proceeding. Defendant contends that he is objecting to an error of law, and not to an error of fact. It is not a proceeding in *coram nobis*, says defendant, but a motion to annul and vacate a portion of a judgment, and he claims that the sought for relief is available to him on such a motion. The attorney general claims that the motion is a petition for a writ of error *coram nobis,* and that such a petition will not lie on grounds urged by defendant.

Whether there are any legal distinctions between a petition for a writ of error *coram nobis* and a motion to vacate a judgment need not be decided in this case. ■ The rule has been frequently stated that "in legal effect, in the practice in this state a petition for a writ of error, *coram nobis,* is nothing more nor less than a motion to vacate a judgment." (*People* v. *Vernon,* 9 Cal.App.2d 138, 143 [49 P.2d 326] ; see, also, *People* v. *Harincar,* 49 Cal.App.2d 594, 596 [121 P.2d

751]; *People* v. *Superior Court,* 28 Cal.App.2d 442, 444 [82 P.2d 718]; *People* v. *Martinez,* 88 Cal.App.2d 767, 769 [199 P.2d 375]; to the same general effect see *People* v. *Kelly,* 35 Cal.App.2d 571, 573 [96 P.2d 372]; *People* v. *McVicker,* 37 Cal.App.2d 470, 473 [99 P.2d 1110]; *People* v. *Mooney,* 178 Cal. 525, 528 [174 P. 325]; *People* v. *Butterfield,* 37 Cal. App.2d 140, 142 [99 P.2d 310]; *People* v. *Egan,* 73 Cal.App.2d 894, 899 [167 P.2d 766]; 4 Cal.Jur. 10-Yr. Supp. (1943 Rev.) 891.)

The defendant is clearly not entitled to a writ of error *coram nobis.* It is now too well settled to require extended discussion that such writ will not issue to correct errors of law or to redress irregularities at the trial except where there has been extrinsic fraud that deprived the petitioner of a trial upon the merits. (*People* v. *Darcy,* 79 Cal.App.2d 683, 686, 689 [180 P.2d 752]; *People* v. *Reid,* 195 Cal. 249, 258 [232 P. 457, 36 A.L.R. 1435]; *People* v. *Weatherford,* 87 Cal.App.2d 275, 277 [196 P.2d 832].) The writ is issued only ''to secure relief, where no other remedy exists, from a judgment rendered while there existed some *fact* which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.'' (Italics added.) (*People* v. *Adamson,* 34 C.2d 320, 326 [210 P.2d 13], citing many cases.) The defendant has made no such showing. It is also elementary that the writ cannot be used to serve the purpose of an appeal, or other statutory remedy. If the claimed error could have been reviewed on an appeal, or by other statutory means, the writ will not lie. (*People* v. *Coyle,* 88 Cal.App.2d 967, 971 [200 P.2d 546]; *People* v. *Pryor,* 87 Cal.App.2d 352, 353 [196 P.2d 948]; *People* v. *Knight,* 73 Cal.App.2d 532, 535 [166 P.2d 899]; *People* v. *Egan,* 73 Cal.App.2d 894, 900 [167 P.2d 766]; 27 Cal.L.Rev. 228.)

Moreover, even if the claimed error, if the point had been seasonably made, could be reviewed in such a proceeding, the petitioner must show due diligence, and particularly must show why the error was not sooner discovered. (*People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13], where there was a delay of 3 years and 7 months; *People* v. *Lumbley,* 8 Cal.2d 752 [68 P.2d 354], where there was a delay of 6 years and 8 months; *People* v. *Harincar,* 49 Cal.App.2d 594 [121 P.2d 751], where there was a 5-year delay, and *People* v. *Vernon,* 9 Cal.App.2d 138 [49 P.2d 326], where there was a delay of

4½ years.) In all of these cases it was held, as a matter of law, that the required due diligence had not been shown.

■ If there is any difference between a petition for a writ of error *coram nobis* and a motion to vacate, it is that the former is broader than the latter. Under some circumstance a writ of error *coram nobis* can be granted although the judgment is regular on its face (*People* v. *Butterfield,* 37 Cal. App.2d 140 [99 P.2d 310]), but a motion to vacate must be denied where, as here, the judgment is regular on its face. (*People* v. *Russell,* 139 Cal.App. 417, 420 [34 P.2d 203]; *People* v. *Ramirez,* 139 Cal.App. 380 [33 P.2d 848]; *People* v. *Clark,* 24 Cal.App.2d 302, 307 [74 P.2d 1070].) ■ Moreover, just as the writ of error *coram nobis* cannot be used to review matters that could be passed upon on an appeal, a motion to vacate cannot be used to serve the purposes of an appeal. Where the question raised could have been raised by an appeal, after the time for appeal has expired, the trial court has no jurisdiction to grant such a motion. (*People* v. *Chavez,* 11 Cal.App.2d 388 [53 P.2d 1020]; *People* v. *Marr,* 46 Cal. App.2d 39, 42 [115 P.2d 214]; *People* v. *Howard,* 7 Cal.App. 2d 283, 286 [46 P.2d 268]; *People* v. *Russell,* 139 Cal.App. 417, 420 [34 P.2d 203]; *People* v. *Lawyer,* 9 Cal.App.2d 69, 70 [48 P.2d 722].) An appeal from the denial of such a motion to vacate can be dismissed by the appellate court. (*People* v. *Carkeek,* 35 Cal.App.2d 499 [96 P.2d 132]; *People* v. *Simpson,* 41 Cal.App.2d 526 [107 P.2d 262]; *People* v. *Erickson,* 74 Cal.App.2d 339 [168 P.2d 417].)

The point here sought to be reviewed is that a finding of the jury—that a kidnap victim suffered bodily harm—is not supported by the evidence. Obviously, such a point could and should have been raised on an appeal. Neither a writ of error *coram nobis* nor a motion to vacate can be properly used to secure a review of such a point at this late date.

The order appealed from is affirmed.

Bray, J., and Schottky, J. pro tem., concurred.