[Crim. No. 780.   Fourth Dist.   June 18, 1953.]

THE PEOPLE, Respondent, v. JOHN THOMAS HARDEN, Appellant.

Milton Fredman for Appellant.

No appearance for Respondent.

MUSSELL, J.—On May 8, 1952, a complaint was filed in the San Diego Municipal Court charging defendant with a violation of section 476 of the Penal Code (uttering a check bearing fictitious name). A preliminary examination was held at which defendant, who was represented by counsel, was held to answer on the charge contained in the complaint. On the same day the district attorney filed in the superior court an information charging defendant with three counts of violating Penal Code, section 470 (forgery). These counts were with reference to three checks introduced in evidence at the preliminary examination. Defendant pleaded not guilty. A jury trial was had which resulted in a verdict finding the defendant guilty of the crime of forgery in three counts and having suffered two prior convictions of felony, and on June 20, 1952, the court committed him to the state prison. No notice of appeal from the judgment of conviction was filed.

. On September 2, 1952, defendant filed in said superior court a motion to vacate and set aside the judgment entered against him therein. He stated in his motion that the trial court was without jurisdiction to proceed against him because he was not held to answer on the charges of forgery but instead was held to answer on the "charges of uttering a check bearing fictitious name," and, therefore, the entire proceedings were null and void. A hearing on defendant's motion was had by the trial court. After the court had examined and considered the entire file in said matter, the motion was denied and this appeal was taken from the order denying it.

Upon the application of defendant for appointment of counsel, this court appointed Milton Fredman of San Diego to represent him on this appeal. Mr. Fredman requested permission to file a full report to the court in lieu of a brief on the grounds that the points of law which could be considered on behalf of appellant on his appeal are so clearly detailed in the applicable statutes and decisions adversely to appellant that no arguable grounds exist upon which to base a brief in his behalf. This request was granted following similar procedures indicated in *People* v. *Dodd,* 113 Cal.App.2d 682 [248 P.2d 965], and *People* v. *Sutton,* 115 Cal.App.2d

751 [252 P.2d 633], and the full, fair and complete report of counsel is on file herein. Counsel therein concluded that there can be no review on an appeal of this sort with respect to issues which could be reviewed on appeal from the judgment. (Citing *People* v. *Ward*, 96 Cal.App.2d 629 [216 P.2d 114]. The report is accepted in lieu of a brief and we agree with the conclusion reached therein.

■ The contention that the trial court was without jurisdiction to proceed because the information filed by the district attorney charged the crime of forgery when defendant was held to answer for a violation of section 476 of the Penal Code is without merit, as the district attorney is empowered by section 809 (now 739) of the Penal Code to charge the offense . . . named in the order of commitment or any offense . . . shown by the evidence taken before the magistrate to have been committed. (*People* v. *McGee*, 31 Cal.2d 229, 233 [187 P.2d 706].)

Defendant does not claim in his motion, or otherwise, that the evidence introduced at the preliminary examination was insufficient to show that the crime of forgery had been committed or that there was not sufficient cause to find him guilty thereof. Defendant, in his "statement of facts" alleges that he was not advised of his constitutional and statutory rights to an appeal. However, the record shows that he was represented by counsel at both the preliminary examination and the trial of the case, and the fact, if it be a fact; that he was not so advised is not set forth as a ground for granting the motion.

■ The motion to vacate a judgment must be denied where, as here, the judgment is regular upon its face. ■ If we consider the motion as a petition for a writ of error *coram nobis*, such a writ cannot be used to serve the purposes of an appeal. ■ Where the question raised could have been raised by appeal, after the time for appeal has expired, the trial court has no jurisdiction to grant the motion, and an appeal from the denial of such a motion to vacate can be dismissed by the appellate court. (*People* v. *Ward*, *supra*, 633.)

The order denying the motion to vacate the judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.