[Crim. No. 3077.   First Dist., Div. Two.   June 20, 1955.]

THE PEOPLE, Respondent, v. JOSEPH F. MANCHA, Appellant.

Joseph F. Mancha, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond Momboisse, Deputy Attorney General, Keith C. Sorenson, District Attorney (San Mateo) and Vernon V. Vale, Jr., Deputy District Attorney, for Respondent.

NOURSE, P. J.—Defendant was charged with two others on a grand jury indictment charging conspiracy to commit grand theft, through several real estate transactions, and charging 12 separate counts of grand theft. After various motions were heard and denied defendant pleaded not guilty on all counts. Later the defendant voluntarily pleaded guilty as charged in the first count and all other counts were dismissed. Motions for probation were made and granted as to all defendants.

As conditions of this defendant's probation he was required to make full restitution within three months, that he refrain from selling, or acting as a salesman or broker in the sale of any real or personal property, and that he retransfer all property to the rightful owners.

On May 17, 1954, appellant was charged by the probation officer with a conviction in Los Angeles County of a minor offense. On the hearing for a revocation of the order of probation it appeared that appellant had deserted his wife and five minor children, was living in Los Angeles with another woman with whom he was carrying on real estate transactions in that city contrary to the terms of his probation.

During the period of his probation the defendant sold an

automobile for another and made a down payment on the purchase of a home for the benefit of his mistress, both in violation of the terms of his probation. His appeal here is from the order revoking his probation and from the ensuing sentence to a full term in the penitentiary.

Appellant was ably defended by competent counsel in all proceedings in the superior court. He has chosen to dismiss his counsel and to appear here in propria persona. He has made a complete mess of it. His opening brief is a hodge podge of sentimental theories which he assumes are supported by the citation of a large collection of cases, which have no bearing on the issues involved. This court has meticulously protected the rights of prisoners to have counsel to present their appeals and it is far better for them to request such an assignment than to endeavor to defend themselves in a field which is unknown to them.

There are only two issues raised on the appeal and we will confine our discussion to them.

■ 1. Was the trial court guilty of an abuse of discretion in revoking the probation? The answer is no. The statutory law applicable is found in section 1203.2 of the Penal Code, which provides in part that the court may "revoke and terminate such probation, if the interests of justice so require, and if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is violating any of the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates or a vicious life." The evidence is that appellant violated the terms of his probation by engaging in practices expressly prohibited by the terms of his probation, by the desertion of his wife and minor children to live with a dissolute woman whom he was aiding in the violation of the immigration laws of the United States.

■ 2. Was the trial court guilty of an abuse of discretion in denying appellant's motion to withdraw his plea of guilty? The answer is no. The motion to withdraw the plea was made 17 months after the plea was entered. During that time the probation officer, with the cooperation of the appellant, had made several adjustments and settlements of claims arising out of disputed transactions of appellant with his former clients. In seeking to withdraw the plea of guilty appellant made no offer to readjust these transactions. He admitted that he knew the difference between a guilty and a not guilty plea and claimed that he pleaded guilty solely because he thought

at the time that his probation could not be revoked. Obviously there was no breach of discretion in the denial of the motion.

Judgment and order affirmed.

Dooling, J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 20, 1955.