[Crim. No. 3302.   First Dist., Div. One.   June 26, 1957.]

THE PEOPLE, Respondent, v. DEWEY D. HAMLIN, Appellant.

William D. Corbett, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

PETERS, P. J.—In April of 1953 defendant pleaded guilty to the felony of assault with intent to commit rape, and was given probation. In October of that same year, after a court hearing, probation was revoked. So far as the record shows, no appeals were taken from these orders. On August 1, 1956, defendant filed a "Motion to Quash, Vacate, and Set Aside Judgment." This motion was based on allegations that (1) the verdict was contrary to law; (2) that defendant has been placed in double jeopardy, and (3) that the trial

judge and prosecuting attorney had been guilty of prejudicial misconduct. The motion was denied. Defendant appeals.

On the appeal counsel for appellant makes no reference to the motion nor to the grounds upon which it was based. The sole point urged is that the trial court abused its discretion in revoking probation. As already pointed out, no appeal from the order revoking probation was taken. The only appeal is from the order refusing to vacate the judgment.

█ This motion to vacate, made nearly three years after the date of the order revoking probation, and over three years from the date appellant pleaded guilty to the offense charged, can and should be treated as a petition for a writ of error *coram nobis*. (*People* v. *Adamson,* 34 Cal.2d 320 [210 P.2d 13] ; *People* v. *Remling,* 146 Cal.App.2d 476 [304 P.2d 97] ; *People* v. *Harden,* 118 Cal.App.2d 563 [258 P.2d 531] ; *People* v. *Cook,* 97 Cal.App.2d 284 [217 P.2d 498] ; *People* v. *Ward,* 96 Cal.App.2d 629 [216 P.2d 114].) █ So treated, it is fatally defective. The order sought to be reviewed is regular on its face. There is not only no explanation for the nearly three years' delay between the revocation of probation and the filing of the motion, but there is no allegation about any fact or facts which, had they been known to the trial court, would have prevented the judgment's rendition. Such allegations are, of course, indispensable to a proper petition for a writ of error *coram nobis*. Thus, the trial court correctly denied the motion to vacate.

It should be noted that, even if the propriety of the order revoking probation were before this court on this appeal, there is ample evidence in the record to justify the order. Under Penal Code, section 1203.2, probation may be revoked ''if the interests of justice so require, and if the court in its judgment, shall have reason to believe from the report of the probation officer, or otherwise, that the person so placed upon probation is violating any of the conditions of his probation, or engaging in criminal practices, or has become abandoned to improper associates or a vicious life.'' Such a showing was here made.

█ The record shows that while on probation appellant had sexual intercourse with one Jessie May Lewis, aged 19. Such intercourse was accomplished by means of force and violence and against the will of the girl. Appellant denied the act but admitted that he was very drunk on the night in question. This showing was obviously sufficient to warrant the trial judge in revoking probation. (*In re Larsen,* 44 Cal.

2d 642 [283 P.2d 1043]; *People* v. *Mancha,* 133 Cal.App.2d 685 [284 P.2d 931].)

Appellant bases his entire argument that probation should not have been revoked on the fact that Miss Lewis, after filing a complaint, refused to testify, and the charge was dropped. This merely went to her credibility. The trial court could have believed her sworn testimony given at the revocation hearing. As was said in *People* v. *Sweeden,* 116 Cal.App.2d 891, 895 [254 P.2d 899]: "In such a proceeding it is not necessary that the defendant be proven guilty of a new crime beyond all reasonable doubt, and there is no abuse of discretion in revoking the prior order when the evidence shows clearly and satisfactorily that the defendant has violated the terms of his probation."

Of course, an order revoking probation does not place a defendant in jeopardy twice for the same offense. (*People* v. *Bennett,* 120 Cal.App.2d 835 [262 P.2d 59].)

The order appealed from is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.