[Crim. No. 6834. Fourth Dist., Div. One. May 21, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHNNY FRENCH CARTER, Defendant and Appellant.

## COUNSEL

J. Perry Langford, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, and Karl J. Phaler, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**AULT, Acting P. J.**—Defendant Johnny French Carter appeals from the judgment imposing a prison sentence following revocation of probation in this case (No. 28087) on account of a new criminal charge then pending in a second case (No. 30808). He contends the court violated his right to due process by refusing to continue his probation revocation hearing until after his trial on the new criminal charge. He also contends there was a violation of constitutional prohibitions against double jeopardy when, in the context of a statute providing for an alternative county jail sentence, the superior court suspended imposition of sentence and granted probation, then later imposed a state prison sentence on revocation of probation.

In December 1972 Carter was charged by information with assault with a deadly weapon (Pen. Code, § 245, subd. (a)) and possession of a concealable firearm by an ex-felon (Pen. Code, § 12021). He pleaded guilty to violation of Penal Code section 12021 (which is punishable as either a felony or a misdemeanor) and was found guilty of the misdemeanor offense of exhibiting a deadly weapon in violation of Penal Code section 417 as a lesser included offense of Penal Code section 245, subdivision (a). On April 25, 1973, the court suspended imposition of sentence for three years and granted him probation under terms which prohibited him from having any firearm under his control or in his possession.

By December 1973 Carter was facing a new charge of violating Penal Code section 12021. The transcript of the preliminary hearing in case No. 30808 discloses that an unloaded revolver had been found on his person during a pat-down search on December 15 when police intervened in an argument between him and Mrs. Geneva Brown.

On March 7, 1974, the superior court, after denying defendant's motions under Penal Code sections 995 and 1538.5 in the new case, scheduled a hearing on revocation of probation in this case, remanding Carter to custody pending the hearing.

On March 14, 1974, the revocation hearing was held. At the outset defense counsel requested a continuance on the ground a full court hearing on the probation revocation would result in revealing any defenses Carter might have as to the pending trial, set for March 27, 1974. The attorney also stated he wished to present as a witness a probation officer who was not then available. The court denied the motion without prejudice to renewal after evidence was taken, saying it placed no undue burden on Carter to rebut, explain or deny the prima facie showing of a flagrant violation of the probationary conditions. As evidence for the People, the court accepted the transcript of the preliminary hearing in case No. 30808 and also a supplemental probation report.

Carter chose not to testify, but his attorney gave an account of the 10-page report made by his investigator. The attorney said the revolver in question belonged to Mrs. Geneva Brown and was the same weapon which had been the basis of Carter's original conviction. He said Mrs. Brown had asked Carter to return the gun to her and that he was doing so at the time of his arrest. The report stated Carter had not used the gun

in the altercation with Mrs. Brown and that the gun was unloaded when it was removed from Carter's pocket by the police.

The court revoked Carter's probation after finding his possession of the gun to be a material, flagrant violation of its terms. Sentencing was delayed for two weeks to allow the defense to obtain a supplemental probation report and a statement from Carter's former supervising probation officer. At this point the court had not foreclosed the possibility of reinstating probation. At the request of defense counsel, the court set the probation and sentencing hearing for one day before the trial on the new criminal charge.

On March 26 the court imposed a prison sentence on the Penal Code section 12021 conviction but added a recommendation for early parole. On the Penal Code section 417 violation, Carter was sentenced to serve 180 days in the county jail, with full credit for the 180 days he had already served.

Almost immediately after sentence was imposed in the instant case, Carter pleaded guilty to violating Penal Code section 12021 in case No. 30808 before the same judge and was granted summary probation, a second count being dismissed. No appeal was taken from the second judgment.

■ Carter's claim that the failure of the trial court to grant his request for continuance of his probation revocation hearing until after disposition of the new criminal charge filed against him violated his due process rights was advanced before the decision in *People* v. *Coleman,* 13 Cal.3d 867 [120 Cal.Rptr. 384, 533 P.2d 1024]. Coleman's probation was revoked on grounds which were also the basis for an independent criminal charge which had not yet been tried (p. 871). He also claimed that revocation of his probation before his trial denied him due process because he was required to forego testifying in his own behalf at the revocation hearing to avoid incriminating himself at his pending trial. Since any testimony he might have given could have been used against him at the related criminal trial, he argued ". . . the meaningful opportunity to be heard assured him by *Morrissey* v. *Brewer* (1972) 408 U.S. 471, 489 [33 L.Ed.2d 484, 499, 92 S.Ct. 2593], was essentially nugatory." *(Ibid.)*

The *Coleman* court declined to adjudicate the constitutional claim (p. 871), but afforded Coleman relief under its "inherent supervisory

powers" (p. 872) and declared an exclusionary rule (p. 889), prospective only in its application (p. 896). The rule to be given effect after the date of *Coleman* was thus stated: "We accordingly declare as a judicial rule of evidence that henceforth upon timely objection the testimony of a probationer at a probation revocation hearing held prior to the disposition of criminal charges arising out of the alleged violation of the conditions of his probation, and any evidence derived from such testimony, is inadmissible against the probationer during subsequent proceedings on the related criminal charges, save for purposes of impeachment or rebuttal where the probationer's revocation hearing testimony or evidence derived therefrom and his testimony on direct examination at the criminal proceeding are so clearly inconsistent as to warrant the trial court's admission of the revocation hearing testimony or its fruits in order to reveal to the trier of fact the probability that the probationer has committed perjury at either the trial or the revocation hearing." (*People* v. *Coleman,* 13 Cal.3d 867, 889 [120 Cal.Rptr. 384, 533 P.2d 1024].)

The rule announced in *Coleman* cannot be applied to Carter, whose probation revocation hearing occurred before the date of the decision. Moreover, the circumstances in Carter's case differ substantially from those which existed in Coleman's. The new criminal charge against Coleman was never independently established and was eventually dismissed by the People (p. 873, fn. 3). Immediately after Carter's probation was revoked, at his request, before the same judge, Carter entered a guilty plea to the independent criminal charge against him. While Carter declined to testify at his probation revocation hearing on the ground his testimony might reveal his defenses to the criminal charge, his attorney was permitted to give a full statement of what he claimed to be the facts. A few moments later, after Carter entered his guilty plea to the criminal charge, no question of possible incrimination remained. At that point, with the matter of sentence on the criminal charge before the court, neither Carter nor his attorney requested or offered to present additional mitigating circumstances to the court. Apparently Carter was satisfied that all claimed mitigating circumstances had been fully explained to the court in the earlier proceeding. Nor do the mitigating circumstances which were presented earlier appear to have been lost on the court. It granted Carter summary probation on the new criminal charge. Under the circumstances of this case we are satisfied there was no exploitation of Carter's rights and that he suffered no prejudice when his probation revocation hearing was held before disposition of the independent criminal charge.

■ Without citing any supporting authorities, Carter contends that, in the context of a statute providing for an alternate jail sentence, his double exposure to the risk of a prison sentence (once when probation was granted and once when it was revoked), constituted double jeopardy in violation of state and federal Constitutions.

The constitutional provisions prohibiting double jeopardy have no application here. Carter has not been placed on trial twice for the same offense (see *In re Wilson,* 196 Cal. 515, 524 [238 P. 359]; *People* v. *Tibbits,* 60 Cal.App.2d 335, 338 [140 P.2d 726]). An order granting probation, even though it includes a term in the county jail as a condition of probation, is not a sentence (*People* v. *Wallach,* 8 Cal.App.2d 129, 133 [47 P.2d 1071]), and an order revoking probation does not place a defendant in jeopardy twice for the same offense (*People* v. *Hamlin,* 152 Cal.App.2d 112, 115 [312 P.2d 306]). The fact that the crime involved may be both a felony and a misdemeanor is immaterial.

The judgment is affirmed.

Cologne, J., and Coughlin, J.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 16, 1975.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.