Filed 4/28/22  P. v. Gonzalez CA6

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN MANUEL GONZALEZ,<br><br>    Defendant and Appellant. | H047400<br>(Monterey County<br> Super. Ct. No. SS981989) |

In 1999, defendant Juan Manuel Gonzalez was convicted by jury trial of second degree murder (Pen. Code, § 187)[1] and attempted murder (§§ 664, 187).  The jury found true gang enhancements (§ 186.22, subd. (b)(1)) for both counts, personal and intentional discharge of a firearm (§ 12022.53, subd. (c)) for the murder count, and personal and intentional discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)) for the attempted murder count.  Defendant was sentenced to an aggregate term of 67 years to life.  The court also imposed a restitution fund fine of $10,000.  This court affirmed the judgment on appeal.  (*People v. Gonzalez* (Apr. 5, 2001, H020233) [nonpub. opn.].)

In 2019, proceeding in pro per, defendant filed a postjudgment motion for "sentence modification" due to his "inability to pay."  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant argued that the prosecution failed to present evidence that he "had the ability to pay any fine, fee, or assessment, and the trial court

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

made no finding that he had the ability to pay." Thus, he argued that "those fines and fees must be stayed." The trial court summarily denied the motion. Defendant now appeals from the denial of his motion.

On appeal, defendant, now represented by appointed counsel, argues: (1) section 1201.5 conferred jurisdiction on the trial court to consider his postjudgment motion; (2) the order is appealable under section 1237, subdivision (b), and section 1237.2; (3) the legal doctrines that would normally bar a postjudgment motion do not apply here; and (4) imposition of the $10,000 restitution fine without determining that defendant had an ability to pay it violated his due process and equal protection rights, and constituted an excessive fine. The Attorney General responds that the appeal must be dismissed because the trial court lacked jurisdiction to entertain defendant's postjudgment motion. We agree.

"Generally, once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence. [Citations.]" (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 (*Torres*); *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1207-1208 [applying the foregoing general rule to a request to modify a restitution fine] (*Turrin*).) "There are exceptions to the general rule. [For example, a] court may recall a sentence and resentence a defendant under certain circumstances within 120 days of the defendant's custody commitment. (§ 1170, subd. (d)(1).) Resentencing is also authorized under the circumstances specified in sections 1170.126, 1170.18, and 1170.95. Courts may correct computational and clerical errors at any time. [Citation.] Unauthorized sentences and ' " 'obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings' " ' are correctable at any time. [Citations.]" (*Torres*, at p. 1085.)

It is undisputed that the execution of defendant's sentence began before he filed the motion that is the subject of this appeal. Accordingly, the trial court lacked jurisdiction to grant that motion unless there is an applicable exception to the general rule that the trial court lacks jurisdiction to modify a sentence after execution has begun. It is further undisputed that none of the established exceptions to that general rule is applicable. Instead, defendant argues that section 1201.5 expanded superior court jurisdiction to allow for the modification of fines, fees, and assessments even after a final judgment.

Section 1201.5 provides in full: "Any motions made subsequent to judgment must be made only upon written notice served upon the prosecution at least three days prior to the date of hearing thereon. No affidavit or other writing shall be presented or considered in support thereof unless a copy of the same has been duly served upon the prosecution at least three days prior to a hearing thereon. Any appeal from an order entered upon a motion made other than as herein provided, must be dismissed by the court." By its plain terms, section 1201.5 concerns the service and notice requirements of "[a]ny motions made subsequent to judgment . . . ." It does not, either explicitly or by implication, modify the general rule that once a judgment is rendered and execution of the sentence has begun the trial court is without jurisdiction to vacate or modify the sentence.

Defendant also argues that the trial court had jurisdiction to consider the motion as a motion to vacate judgment. Not so. A judgment may be collaterally attacked with a motion to vacate only if the judgment is void on its face. (*People v. Marr* (1941) 46 Cal.App.2d 39, 41-42.) Here, the judgment is indisputably not void on its face. "Not being void on its face, any errors or uncertainties could have been reached by appropriate action before judgment or presented on appeal from the judgment and are, therefore, not

3

reviewable on an appeal from an order denying a motion to vacate the judgment."[2] (*Id.* at p. 42.)

As for section 1237, subdivision (b), that section authorizes an appeal "[f]rom any order made after judgment, affecting the substantial rights of the party." However, if a trial court does not have jurisdiction to rule on a motion to modify a sentence, then an order denying such a motion does not affect a defendant's substantial rights and is therefore not appealable under section 1237, subdivision (d). Here, "[s]ince the trial court lacked jurisdiction to modify the restitution fines, its order denying defendant's motion requesting the same did not affect his substantial rights and is not an appealable postjudgment order." (*Turrin*, *supra*, 176 Cal.App.4th at p. 1208.)

Next, defendant relies extensively on the Supreme Court's recent decision in *People v. Perez* (2020) 9 Cal.5th 1, in which the Court held that a defendant's failure to object to the admission of case-specific testimonial hearsay does not forfeit an appellate claim based on *People v. Sanchez* (2016) 63 Cal.4th 665. (*Perez*, at pp. 4, 9.) *Perez*, however, is inapposite, as it involved the question of forfeiture in a direct appeal, where there was a change in the law between the time of trial and appeal. Defendant's case involves a question of *jurisdiction*, not forfeiture. Nothing in *Perez* speaks to or authorizes a postjudgment motion made nearly 20 years after the judgment became final.

Finally, defendant argues that the trial court's order is appealable under section 1237.2. We disagree. Section 1237.2 provides in full: "An appeal may not be taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the

---

[2] Defendant also argues, relying on *Ward v. Ward* (1881) 59 Cal. 139, that the trial court had the authority to adjudicate his postjudgment motion "as a substitute for a writ *audita querela*," which also provides this court with jurisdiction to adjudicate its denial. As defendant admits that a motion to vacate judgment is the statutory equivalent of a writ of *audita querela*, as described in *Ward*, we do not address this argument separately.

4

defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing.  The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction.  This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

Thus, section 1237.2 bars criminal appeals challenging only the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the claim of error has been raised first in the trial court.  The provision's legislative history indicates that its purpose is to conserve judicial resources and avoid costly appeals.  (*Torres*, *supra*, 44 Cal.App.5th at p. 1086.)

The second sentence of section 1237.2 does, by its plain terms, enlarge trial court jurisdiction.  It states that "[t]he trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction."  That represents an expansion of trial court jurisdiction, as the general rule is that the filing of a valid notice of appeal divests the trial court of jurisdiction and vests jurisdiction in the appellate court.  (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472.)

Defendant asks us to construe section 1237.2 as perpetually vesting jurisdiction in the trial court to correct erroneous fines and fees, even if such errors are raised long after the time for direct appeal has elapsed.  That construction is inconsistent with the statutory language, which provides for the retention of trial court jurisdiction "after a notice of appeal has been filed . . . ."  (§ 1237.2.)  Defendant's construction is also inconsistent with the statute's purpose of conserving judicial resources by limiting the number of

5

direct appeals raising common sentencing errors. Permitting defendants to assert error in the trial court after the time for direct appeal has passed would require the expenditure of more judicial resources, not fewer. Finally, defendant's statutory construction is inconsistent with the legislative history of section 1237.2. That legislative history reveals that the second sentence of section 1237.2 "was added to address [the] concern . . . that a defendant who belatedly discovers an erroneous fine could be left without a remedy if he or she [were] precluded . . . from challenging the fine on appeal (for failing to raise it in the trial court) and precluded from correcting the error in the trial court because that court had lost jurisdiction over the case." (*Torres*, *supra*, 44 Cal.App.5th at p. 1087.) Thus, "the statute's second sentence furthers [its primary] purpose [of promoting judicial economy and efficiency] by giving trial courts the power to resolve [fines and fees] challenges notwithstanding [a] pending appeal. That purpose is not served by extending the trial court's jurisdiction to motions made after the conclusion of the direct appeal" or after the time to appeal has elapsed. (*Ibid.*)

In sum, the trial court lacked jurisdiction to grant defendant's motion to modify his fines and fees. Given that lack of jurisdiction, the court's order denying the motion is not appealable. (*Torres*, *supra*, 44 Cal.App.5th at p. 1084.)

For the foregoing reasons, the appeal is dismissed.

6

_____

ELIA, ACTING P.J.


WE CONCUR:




_____

BAMATTRE-MANOUKIAN, J.




_____

WILSON, J.




*People v. Gonzalez*
H047400