[No. B158974. Second Dist., Div. Six. Feb. 27, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK DANIELS, Defendant and Appellant.

## COUNSEL

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Margaret E. Maxwell and Jim E. Hart, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PERREN, J.**—Here we hold that conduct credits against a defendant's prison sentence attributable to a jail term served as a condition of probation are limited by Penal Code section 2933.1, subdivision (c) (section 2933.1(c)).[1] Frank Daniels was convicted of residential burglary and placed on probation. When probation was revoked and Daniels was sentenced to state prison, the trial court limited conduct credits against his prison sentence to 15 percent of his actual custody time. (§ 2933.1(c).) Daniels contends that conduct credits he was awarded for time spent in local custody as a condition of his probation must be determined without the section 2933.1(c) limitation. We affirm.

### PROCEDURAL HISTORY

After pleading no contest, Daniels was convicted of two counts of first degree residential burglary. (§§ 459, 460.) The charge alleged that a person other than an accomplice was present in the residence during the commission of the burglary. (See § 667.5, subd. (c)(21).) The trial court suspended imposition of sentence and placed Daniels on three years' probation. One of the conditions of probation was that he serve 365 days in county jail. In addition to the time spent in actual custody prior to his conviction, the trial court awarded Daniels conduct credits as determined under section 4019. Subsequent to his conviction, the sheriff computed additional credits for actual time served under section 4019 and released him from custody under

---

[1]All statutory references are to the Penal Code.

an early release program 22 days before the term of confinement would have actually been served.

Daniels violated probation by committing new offenses. His probation was revoked and the trial court imposed a seven-year-four-month state prison sentence for the two burglaries. At the time Daniels was sentenced to prison, the trial court determined the total number of days to be credited against his sentence. (§ 2900.5, subd. (d).) In making this determination, the court added the number of days Daniels had spent in custody, including days in custody before his conviction, while he was in jail as a condition of probation, and after his arrest for violating probation. The court then calculated the section 4019 conduct credits Daniels earned during these three periods of custody. The court credited Daniels's prison sentence with his days in actual custody and with conduct credits limited to 15 percent of his custody days as set forth in section 2933.1(c). Daniels received no credit for the 22 days "awarded" under the sheriff's early release program. Daniels appeals the sentencing order.

## Discussion

Daniels contends that he is entitled to credit against his prison sentence for the entire 365-day jail term imposed as a condition of his probation. He claims that he completed that term before his probation was revoked by serving time in custody and earning section 4019 conduct credits. Daniels argues that these section 4019 credits were irrevocably earned and could not be reduced by a recalculation under section 2933.1(c) at the time he was sentenced to state prison. We disagree.

This case illustrates how perplexing the computation of custody credits may be for the trial court. The initial order awarding credits for time served as a condition of probation applied the general rules set forth in sections 2900.5 and 4019. In substance, Daniels received six days of credit for every four days actually spent in local custody.

Section 2933.1(c) generally limits presentence credits to 15 percent of actual time served when a defendant, like Daniels, is convicted of a violent felony listed in section 667.5, subdivision (c). But, section 2933.1(c) only applies when the judgment results in the defendant's incarceration in state prison, and not when a defendant is on probation even if he or she was convicted of a section 667.5, subdivision (c) felony. (*In re Carr* (1998) 65 Cal.App.4th 1525, 1535-1536 [77 Cal.Rptr.2d 500].)

Here, since imposition of sentence was suspended and Daniels was granted probation at the initial sentencing hearing, he was properly awarded

six for four credits under section 4019. Thereafter, however, Daniels violated probation and was placed "in the custody of the Department of Corrections." (§ 2933.1, subd. (c).) We hold that, when there is a violation of probation and the defendant is committed to state prison, the defendant is entitled only to credits computed according to the 15 percent limitation set forth in section 2933.1(c).

Section 2900.5 provides that a defendant sentenced to county jail or state prison is entitled to credit against the term of imprisonment for days spent in custody before sentencing or as a condition of probation, and requires the sentencing court to determine the number of days of custody and any conduct credits earned pursuant to section 4019. (§ 2900.5, subds. (a) & (d); see also *People v. Sage* (1980) 26 Cal.3d 498, 508-509 [165 Cal.Rptr. 280, 611 P.2d 874].) Section 4019 provides that a defendant may earn conduct credits during custody in a county jail or a comparable local facility "prior to the imposition of sentence," including custody imposed "as a condition of probation after suspension of imposition of a sentence or suspension of execution of sentence." (§ 4019, subd. (a)(2) & (4).) If all credits are earned, "a term of six days will be deemed to have been served for every four days spent in actual custody." (§ 4019, subd. (f).)

Section 2933.1(c) limits the maximum conduct credits that can be awarded to a defendant convicted of a section 667.5 felony to 15 percent of his or her actual time in custody. "Notwithstanding Section 4019 or any other provision of law," the maximum credit a person convicted of a violent felony listed in section 667.5 may earn against a period of confinement in county jail or similar facility "following arrest and prior to placement in the custody of the Department of Corrections, shall not exceed 15 percent of the actual period of confinement . . . ." (§ 2933.1(c).)

Here, the requirements for application of section 2933.1(c) were satisfied. Daniels was convicted of a violent felony listed in section 667.5, subdivision (c)(21), and was placed in the custody of the Department of Corrections when he was sentenced to state prison. But, before the state prison sentence was imposed, Daniels was placed on probation and ordered to serve a 365-day term in county jail as a condition of probation.

In *In re Carr, supra,* 65 Cal.App.4th at page 1535, the court held that the section 2933.1(c) limitation on conduct credits does not apply when a defendant is placed on probation rather than sentenced to prison. In *Carr,* the trial court placed the defendant on probation conditioned on serving a term in county jail, and applied section 2933.1(c) to limit the defendant's conduct credits for that jail term. The Court of Appeal held that section

2933.1(c) did not apply to the defendant's conduct credits earned while he was on probation. The court concluded that, based primarily on legislative history, the section 2933.1(c) phrase " 'following arrest and prior to placement in the custody of the Director of Corrections' " requires that a defendant must be sentenced to state prison before that section applies. (65 Cal.App.4th at pp. 1535-1536.)

Here, the trial court followed the dictates of *Carr* in determining Daniels's conduct credits against his jail term imposed as a condition of probation. The record shows that Daniels was awarded full section 4019 credits for his pre-probation custody and was accruing full section 4019 credits while serving his jail term.

In effect, Daniels asks us to extend *Carr* to cover situations where a defendant is initially placed on probation but sentenced to state prison when probation is revoked. He argues that section 4019 conduct credits against a jail term imposed as a condition of probation are necessarily retained as conduct credits against a sentence to state prison.

Daniels's position is contrary to the language and purpose of section 2933.1(c) and is not supported by the reasoning of *Carr*. Statutory language and legislative history establish that section 2933.1(c) applies in every situation where a defendant is sentenced to state prison. (See *In re Carr, supra,* 65 Cal.App.4th at pp. 1532-1535.) Similarly, *Carr* focuses on the imposition of a prison sentence as the trigger for application of section 2933.1(c). Under *Carr*, section 2933.1(c) would apply to custody following arrest and prior to the imposition of a sentence to state prison regardless of whether the prisoner had been a probationer before the prison sentence was imposed. (*Carr*, at pp. 1532-1535.) No other construction of the statutory scheme would be faithful to the language of section 2933.1(c), or produce a fair and reasonable result. (See *People v. Buckhalter* (2001) 26 Cal.4th 20, 28-29 [108 Cal.Rptr.2d 625, 25 P.3d 1103].)

Contrary to Daniels's argument, there is nothing unfair in awarding more credits for a jail term imposed as a condition of probation than for a sentence to state prison. Section 4019 may be intended to encourage good behavior through a reduction in the period of a person's incarceration, but section 2933.1(c) is intended to delay the release of defendants convicted of violent felonies and ensure longer prison sentences for those who commit violent felonies. (*People v. Van Buren* (2001) 93 Cal.App.4th 875, 880 [113 Cal.Rptr.2d 510].)

In addition, the benefit of previously earned conduct credits is not being taken away from a former probationer like Daniels when he or she is

sentenced to state prison. Daniels received the full benefit of section 4019 credits against his jail term because he was released from jail sooner than he would have been if the section 2933.1(c) limitation had been applied. Daniels's own conduct in violating probation resulted in the loss of that freedom. He cannot now complain that he lost something he previously earned. His term of imprisonment was properly determined by his conduct and the dictates of applicable statutes.

We also reject Daniels's argument that section 2933.1(c) does not apply because that section covers only presentence custody whereas a probation order is a sentence. (See *People v. Buckhalter, supra,* 26 Cal.4th at pp. 29-30.) ▮ Although courts sometimes refer to it as a "sentence," probation is not a sentence even if it includes a term in the county jail as a condition. (*People v. Carter* (1975) 48 Cal.App.3d 369, 375 [121 Cal.Rptr. 677].) In granting probation, the court suspends imposition or execution of sentence and issues a revocable and conditional release as an act of clemency. (§ 1203, subd. (a); *People v. Cushway* (1987) 193 Cal.App.3d 776, 778 [238 Cal.Rptr. 527].) In any event, characterizing probation as a sentence does not support the conclusion that a defendant sentenced to state prison after probation is granted and revoked is entitled to a different calculation of conduct credits than a defendant sentenced to state prison directly after conviction.

The judgment (order) is affirmed.

Gilbert, P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 14, 2003.