Filed 7/28/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LATISHA CURRY,<br><br>     Defendant and Appellant. | A145922<br><br>(Alameda County<br>Super. Ct. No. C171042) |

It is the rare initiative that does not have at least one ambiguity, or omission, or some other difficulty that only emerges following passage by the voters and courts begin to wrestle with its actual implementation. Even so, Proposition 47 must win some sort of prize for taking a single subject and proving such a fertile engine of sustained controversy and evolving confusion fully 18 months after its enactment. Its influence has even clouded the scope and operation of Proposition 36, a measure adopted two years earlier.

So it may seem odd in a case presenting a novel issue under Proposition 47 to invoke the canon of statutory construction that "Words used in a statute or constitutional provision should be given the meaning they bear in ordinary use. . . . [And] [i]f the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters)." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.) Yet this is one of the rare Proposition 47 cases when all we need is the plain statutory language, specifically, the language in the proposition that a "petition for a recall of sentence" by a probationer, or a former probationer, is to be filed with the

1

"trial court that entered the judgment of conviction." (Pen. Code, § 1170.18, subds. (a), (f)[1].)

## BACKGROUND

On July 27, 2012, in the Napa County Superior Court and pursuant to a negotiated disposition, defendant Latisha Curry entered a plea of no contest to a charge of second degree burglary, in exchange for which the other count, a felony charge of petty theft with a prior (§ 666, subd. (a)), was dismissed.[2] The court suspended imposition of sentence and admitted defendant to three years probation upon specified conditions, one of which was that she spend 60 days in the Napa County jail. At the time of sentencing, the Napa probation officer advised the court that by reason of a felony conviction in Alameda County, "defendant is currently on Post Release Community Supervision (PRCS) in Alameda County . . . . [A]nd the term is set to expire on January 27, 2015." For this reason, and because defendant was a resident of Alameda County, the Napa probation officer moved to have supervision of her probation transferred to Alameda County in accordance with section 1203.9. The Napa County Superior Court granted the motion on February 26, 2013, and Alameda County accepted the transfer on March 6, 2013.

On July 2, 2015, almost eight months after passage of Proposition 47 in November 2014—and the same day the Alameda County Superior Court summarily revoked her probation—defendant filed a petition in that court seeking to have her Napa burglary

---

[1] Statutory references are to the Penal Code.

[2] In point of fact, it was alleged that defendant had misdemeanor theft convictions for violating section 484 in 2004 and 2005, and a 2007 felony conviction for receiving stolen property (§ 496). Defendant also had another second degree burglary conviction in 2007, which was known to the Napa probation officer, but which was not mentioned in the Napa information. The probation officer advised the court that "defendant's previous probation grants have been unsuccessful and she has been sentenced to State Prison two (2) times and had one (1) documented violation of parole. The defendant is on Post Release Community Supervision and was when she committed the instant offense." Perhaps because of this history, defendant was told the court would not entertain a motion to treat the burglary conviction as a misdemeanor.

conviction reduced to a misdemeanor "pursuant to . . . § 1170.18."[3] The petition was on form CRM-050, adopted by the Alameda County Superior Court for "mandatory use," which was captioned "Petition for Resentencing/Reduction to Misdemeanor—Response and Order (Penal Code § 1170.18)." That same day the Alameda court conducted a brief hearing on the petition, and denied it on the ground that defendant had to seek relief in Napa County because that was where she received the sentence she was now petitioning to have reduced.[4] That ruling was reiterated when defendant made an oral motion for reconsideration on July 15, claiming she was entitled to resentencing under the rule of leniency from *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*) without reference to Proposition 47, because it "does not apply to probationers in the first place."[5] On this timely appeal from both denials, defendant contends in effect that she is entitled to the benefit of Proposition 47 without complying with any of its burdens.

## DISCUSSION

Proposition 47 specified a number of theft and drug-related felonies that would be reclassified as misdemeanors. As relevant here, it restricted the scope of second degree burglary by creating the new crime of shoplifting, which was defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars . . . . Shoplifting shall be punished as a misdemeanor . . . . [¶] . . . No person who is charged with shoplifting may also be

---

[3] The revocation was for another theft arrest that was virtually identical to the Napa burglary—defendant went into an Alameda County WalMart store and left without paying for cans of baby formula hidden on her person. According to the limited record on appeal, no dollar value was ever placed on the material taken from the Napa WalMart.

[4] The court did reduce defendant's June 2013 Alameda conviction for second degree burglary to "a misdemeanor violation of Penal Code section 459.5."

[5] The oral motion is treated as a second petition. (See *People v. Amaya* (2015) 242 Cal.App.4th 972, 974–975.) Following denial of her renewed petition, defendant admitted violating probation, whereupon she was readmitted to probation on pretty much the same conditions.

3

charged with burglary or theft of the same property." (Prop. 47, § 5, adding § 459.5, subds. (a)-(b).)

Proposition 47 also established a procedure for persons convicted of the former felonies to obtain relief: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing." (§ 1170.18, subd. (a).) A petition may also be filed by "[a] person who has completed his or her sentence for a conviction, whether by trial or plea," also "before the trial court that entered the judgment of conviction in his or her case." (*Id*., subd. (f).) "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id*., subd. (b).)

Relief is not automatic. Petitions can only be filed by persons convicted of the offenses downgraded by Proposition 47 ("under the act that added this section"), and relief will be denied if they also have convictions for serious, violent, or specified sex-related felonies. (§ 1170.18, subd. (i).) Even then, the court has the discretionary power to deny a petition if "resentencing the petitioner would pose an unreasonable risk of danger to public safety," a conclusion the court may draw from the petitioner's "criminal conviction history," "disciplinary record and record of rehabilitation while incarcerated," and "[a]ny other evidence the court . . . determines to be relevant." (*Id*., subd. (b).) One felony disability is not lifted: "resentencing shall not permit that person to own, possess, or have in his or her custody or control any firearm." (*Id*., subd. (k).)

Defendant first contends that *Estrada*, by itself, and without consideration of any other substantive or procedural restrictions of Proposition 47, requires reduction of her

felony burglary conviction to a misdemeanor theft conviction. The principle of *Estrada* has been summarized by our Supreme Court as follows: " 'When the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all *defendants whose judgments are not yet final on the statute's operative date.*' " (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1195–1196, italics added.) Defendant then points to decisions establishing that when imposition of sentence is suspended, an order of probation is not, save for the limited purpose of appeal, treated as either a sentence or a final judgment. (*People v. Scott* (2014) 58 Cal.4th 1415, 1423–1424; *People v. Howard* (1997) 16 Cal.4th 1081, 1087; *People v. Daniels* (2003) 106 Cal.App.4th 736, 742; § 1203.2a.) But, defendant continues, relief under Proposition 47 is predicated upon the existence of a "sentence" that is either being served, and thus can be "recalled," or has been completed, and thus is a "judgment of conviction." (§ 1170.18, subds. (a), (b), (d) & (f).) And, because she was never sentenced, there is no judgment, much less a final judgment, defendant concludes the *Estrada* leniency principle applies to her.

Next, and in a related argument, defendant argues she need not conform to any substantive or procedural restrictions of Proposition 47 because that measure does not apply to her as a probationer, who was never sentenced to state prison or actually served time in a state prison pursuant to such a sentence. As she summarizes: "Penal Code section 1170.18 clearly contemplates application of its resentencing provisions **only** to persons who are currently serving a sentence, or have served a sentence, **in prison** for conviction of a felony that may be reduced to a misdemeanor pursuant to Proposition 47. The statute does not contemplate application to persons who currently are, or have been, on probation for such a conviction."

Defendant's reasoning supporting these two contentions is subtle, wide-ranging—and, at points, intriguing. One of the intriguing points is that defendant originally applied for resentencing on the express authority of Proposition 47, and used a Judicial Council form plainly basing her "Petition for Resentencing/Reduction to

5

Misdemeanor" on section 1170.18, yet she now insists in her brief and at oral argument that she is not obliged to comply with any part of Proposition 47. (Cf. *People v. Conley* (June 30, 2016, S211275) __ Cal.4th __, __ [2016 WL 3557037 1, 4, 8] ["defendants who were sentenced under the Three Strikes law" "are not entitled to automatic resentencing, but instead may seek resentencing by petitioning for recall of sentence under section 1170.126" of Three Strikes Reform Act], [rejecting argument that defendants who were sentenced under the Three Strikes law "are entitled to *automatic* resentencing . . . without the need to file a recall petition"], ["voters intended for previously sentenced defendants to seek relief under section 1170.126"].)  In that petition defendant expressly conceded: "By signing below, defendant acknowledges that s/he understands that s/he may not use, own or possess firearms, even if this Petition is granted." (Bold type and underscoring omitted.)[6]  Another mystifying feature is how one can petition for *re*sentencing while denying there was ever a sentence in the first place.  Similarly, by filing her petition, wasn't defendant implicitly conceding that there was in fact a "judgment of conviction"?

Logically, however, defendant appears to have talked herself out of court.  If it is *Estrada*, not Proposition 47, that defendant views as delivering her from status as a convicted felon, why did she not employ the mechanism employed in *Estrada*, namely a petition for relief in habeas corpus?  The superior court cannot be expected, on its own initiative, to comb through its files to discover all convictions for the former felonies reclassified by Proposition 47.  Far more sensible to make it the burden of each defendant who might be benefited by Proposition 47 to petition the superior court for relief.  In short, defendant used a mechanism she says has no application to her, and yet has never used the mechanism she tacitly acknowledges is the appropriate one.  We note this inconsistency, but do not base our decision on it.

We also note, for present purposes, that we would have a hard time accepting defendant's position that the ameliorative procedures of Proposition 47 have absolutely nothing to do with persons in her situation, that is, persons on probation for whom

---

[6] And a position she has clearly reconsidered.

sentence was never imposed, if for no other reason than it is the source of the reduced sentence she so desires.[7]  And we would have an even harder time accepting the categorical exclusion of such a large number of persons for whom the benefits of Proposition 47 would appear so obviously intended.

Defendant's final contention is based on language in section 1203.9, which says that subject to specified exceptions, once a probation case is transferred "[i]n all other aspects, . . . the court of the receiving county shall have full jurisdiction over the matter upon transfer." (*Id*., subd. (a)(3).)  Based on this, defendant argues that her petitions were erroneously denied for improper venue, and she is not to be required to return to Napa County for resentencing.  What she desires from this appeal is that "this Court should reverse the orders denying [her] request for reduction of her felony conviction . . . , and should remand the cause with directions [to the Alameda court] to consider that request on the merits."

Although the issue appears to be one of first impression, it is not difficult to resolve.

The references in subdivisions (a) and (f) in Proposition 47 to resentencing petitions being presented to "the trial court that entered the judgment of conviction in his or her case" have the obvious purpose of having the petitions decided by the judge with a presumed knowledge of the underlying circumstances.[8]  (Cf. *People v. Contreras* (2015)

---

[7] Defendant cites no authority that either the Legislature or the electorate cannot condition the acceptance of benefits with a mandatory procedure for obtaining those benefits.  Such an exchange has become common since institution of the workers' compensation scheme.  (See *Lenane v. Continental Maritime of San Diego, Inc*. (1998) 61 Cal.App.4th 1073, 1081–1082; see also, e.g., *Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 423 [California Public Records Act]; *People v. Carlucci* (1979) 23 Cal.3d 249, 257 [traffic infractions]; *Superior Wheeler C. Corp. v. Superior Court* (1928) 203 Cal. 384, 387 [small claims court]; cf. *City of New York v. U.S.* (2d Cir. 1999) 179 F.3d 29, 35 ["Congress may condition federal funding on state compliance with a federal regulatory scheme"].)

[8] Proposition 47 does have a fallback position:  "If the court that originally sentenced the petitioner is not available, the presiding judge shall designate another judge to rule on the petition or application." (§ 1170.18, subd. (*l*).)

237 Cal.App.4th 868, 892 ["The trial court's decision on a section 1170.18 petition is inherently factual."] Clearly, the judge who presided over a petitioner's trial, or who took the guilty plea found to have a factual basis, would be best placed to decide whether "resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b); *People v. Contreras*, *supra*, at p. 892 [risk "determination must be made in the first instance by the trial court"].) At two points the electorate decreed that Proposition 47 was to be "broadly" and "liberally" construed to accomplish and effectuate its purposes. (Prop. 47, § 15, 18.) There is nothing in the ballot summaries or arguments suggesting that the voters did not intend that the plain language of subdivisions (a) and (f) was subject to the qualification now claimed by defendant. This undoubtedly accounts for the obligatory references in the reported decisions. (See *People v. Marks* (2015) 243 Cal.App.4th 331, 335 [defendant sentenced in Los Angeles County not entitled to relief in Riverside County; "defendant was *required* to file his petition 'before the trial court that entered the judgment of conviction,' the Superior Court of Los Angeles County," italics added]; *People v. Shabazz* (2015) 237 Cal.App.4th 303, 314 ["Defendant is limited to the statutory remedy set forth in section 1170.18 . . . . He *must* file an application in the trial court," italics added].) Just as a defendant cannot get resentencing from an appellate court (e.g., *People v. Awad* (2015) 238 Cal.App.4th 215, 221–222; *People v. Shabazz*, *supra*, 237 Cal.App.4th at p. 311), relief under Proposition 47 must be sought in the correct trial court.

As an initiative, Proposition 47 is to be construed to effectuate its purpose, not to conform to the unwritten intent to exempt section 1203.9 from its operation. (E.g., *People v. Arroyo* (2016) 62 Cal.4th 589, 593; *People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 570.) The language used in subdivisions (a) and (f) is not ambiguous. It did not employ language of technical or specialized meanings, but used words of common meaning. (See *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901–902.) The construction urged by defendant would have petitions ruled on by judges who have no connection to, or memory of, the details of the underlying conviction. Although such might not be an absurd result (see § 1170.18, subd. (*l*), quoted at fn. 7 *ante*), it is one

8

clearly inconsistent with the voters' plain language and obvious intent. (E.g., *People v. Garcia* (1999) 21 Cal.4th 1, 14; *People v. Cruz* (1996) 13 Cal.4th 764, 782–783.) All doubts must be resolved in favor of the initiative. (See *Legislature v. Eu* (1991) 54 Cal.3d 492, 512.) " '[W]e may not properly interpret [Proposition 47] in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less.' " (*People v. Park* (2013) 56 Cal.4th 782, 796.) Defendant's position that the Alameda court could serve the function intended by subdivisions (a) and (f) cannot be accepted because it would nullify the utility of those provisions with respect to probationers.

Defendant's counsel has drawn our attention to a publication by the authors of the leading treatise on sentencing, but he erroneously sees it as supporting his position. Judge Couzens and Justice Bigelow draw a crucial distinction between different categories of probation:

"Probation cases and cases where the defendant is serving a period of mandatory supervision under section 1170(h) may be transferred to the defendant's county of residence under section 1203.9. A defendant whose case has been transferred who requests relief under section 1170.18 likely will be required to file the petition in the receiving county. When a case is transferred, '[t]he court of the receiving county shall accept the entire jurisdiction over the case.' (§ 1203.9(b).) Because the receiving county has exclusive jurisdiction over the case, the original sentencing judge is no longer available as a matter of law. The request for relief may be handled by any judge appointed by the presiding judge. (§ 1170.18(*l*).)

"*The rule is different for persons on PRCS* [postrelease community supervision] whose supervision is transferred under section 3460. Section 3460(b) provides that '[u]pon verification of permanent residency, the receiving supervising agency shall accept jurisdiction and supervision of the person on postrelease supervision.' There is a qualitative difference between the transfer of the case for purposes of supervision, as in section 3460, and transfer of the 'entire jurisdiction over the case' between courts, as in section 1203.9. *Likely the petition for resentencing of a person on PRCS must be filed in*

9

*the original sentencing county*." (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (May 2016), p. 86, italics added, at <http://www.courts.ca.gov/documents/prop-47-Information.pdf> [as of July 25, 2016].)[9] As noted, defendant was already on PRCS when her case was transferred from Napa County to Alameda County.

Thus, according to defendant's own authority, the Alameda court properly recognized that the correct court to consider defendant's petition was the Napa court. Whether that requires retransference back to Napa is an issue neither presented nor decided on this appeal.

At oral argument, defendant's counsel described the catch-22 situation he and other defense attorneys confront: if the petition for reduction is made to the court that transferred the probationer's case, counsel is reminded of section 1203.9's "entire jurisdiction" language and told to go to the court that accepted the transfer; but if, as here, the petition is presented to the transferee court, counsel is read Proposition 47's language requiring the petition to be filed "before the trial court that entered the judgment of conviction" and told to go to the court that made the transfer. We have no reason to doubt the accuracy of this representation, particularly when considered with the Alameda court stating "if the Court of Appeal would be kind enough to give us some guidance I would appreciate it." We publish this opinion to provide that guidance.

**DISPOSITION**

The orders are affirmed.

---

[9] Parenthetically, we note that Judge Couzens and Justice Bigelow appear to reject defendant's theory that, as a probationer, she is outside Proposition 47. (Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act," *supra*, pp. 34–35 [quoting *People v. Garcia* (2016) 245 Cal.App.4th 555, 558], at <http://www.courts.ca.gov/documents/prop-47-Information.pdf> [as of July 25, 2016].) We note further that the Judicial Council's Criminal Law Advisory Committee, which is chaired by Justice Bigelow, has proposed that section 1203.9 be amended to allow "transferring a case back to the transferring court for a limited purpose . . . . Examples of this include . . . re-sentencing." (Crim. Law Advisory Com., Judicial Council of Cal., Invitation to Comment, LEG16-06 (2016) Background, pp. 1–2, at <http://www.courts.ca.gov/documents/LEG16-06.pdf.> [as of July 26, 2016].)

10

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

A145922; *P. v. Curry*

11

Trial Court:                                    Alameda County Superior Court

Trial Judge:                                    Honorable Paul A. Delucchi

Attorney for Defendant and Appellant:           Brendon D. Woods, State Public Defender,
                                                Michael S. McCormick, Assistant Public
                                                Defender

Attorneys for Plaintiff and Respondent:         Kamala D. Harris, Attorney General,
                                                Gerald A. Engler, Chief Assistant Attorney
                                                General, Jeffrey M. Laurence, Senior
                                                Assistant Attorney General, Catherine A.
                                                Rivlin, Supervising Deputy Attorney
                                                General, Bruce M. Slavin, Deputy Attorney
                                                General