Filed 11/30/23  P. v. Moore CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081699 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD290659) |
| GIOVONNI ARMAINI MOORE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Reverse and remand to correct number of conduct credits and affirm in all other respects.

Kirstin M. Ault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Giovonni Armaini Moore appeals from a January 9, 2023, sentencing order that he claims denied him of 106 days of conduct credit for the time he spent at Patton State Hospital (Patton) after January 1, 2022, in violation of Penal Code section 4019.[1]  The People concede Moore is entitled to an additional 106 days of conduct credit.  We agree.

# II.  FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2021, the San Diego County District Attorney filed a complaint charging Moore with one count of felony robbery, in violation of section 211, and one count of misdemeanor battery, in violation of section 242, after he struck a woman and took her personal property.

On July 7, 2021, proceedings were suspended pursuant to section 1368 pending Moore's mental competency evaluation.  On September 27, 2021, the court received a competency evaluation, found Moore not mentally competent to stand trial, and ordered Moore committed to Patton.

On June 17, 2022, the court received a further competency evaluation, determined Moore was mentally competent to stand trial, and reinstated the criminal proceeding.

On December 8, 2022, pursuant to a plea agreement, Moore pleaded guilty to one count of robbery, in violation of section 211, and admitted his 2017 burglary conviction was a strike prior, pursuant to sections 667, subdivisions (b) through (i), 668, and 1170.12.  Moore stipulated to a six-year prison sentence.

In the January 9, 2023, Stipulated Sentence Report, the probation department indicated Moore was confined in county jail from June 23, 2021

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

2

through April 7, 2022 [289 days]; moved to Patton from April 8, 2022 through August 10, 2022 [125 days]; and moved back to county jail until his sentencing on January 9, 2023 [152 days]. The probation department recommended Moore be sentenced to the stipulated six-year sentence and that he be given credit for a total of 650 days, comprised of 566 actual days and 84 conduct days (applying section 2933.1's 15 percent limitation to 566).

At the January 9, 2023, sentencing hearing, Moore objected to the probation department's credit calculation, asserted the 15 percent cap on conduct credits under section 2933.1 did not apply to the time he spent at Patton,[2] and requested the court to award him 124 days of conduct credit for the time at Patton based on section 4019. The People submitted on the probation department's credit calculation.

The trial court denied Moore's request regarding conduct credits, stating: "I'm not aware of any authority that says the defendant is entitled to 4019s while at Patton and then gets 2933.1 as well serving his prison commitment."[3] The court then sentenced Moore to the stipulated six-year prison term. The court followed the probation department's recommendation

---

[2] Moore does not dispute his presentence time in the county jail is subject to the 15 percent limitation of section 2933.1 because he was convicted of a felony offense listed in subdivision (c) of section 667.5 (robbery). (§ 2933.1, subd. (a).)

[3] This case is an example of "how perplexing the computation of custody credits may be for the trial court." (*People v. Daniels* (2003) 106 Cal.App.4th 736, 739.) Courts have authorized the use of two formulas to calculate custody credits in some situations because "the calculation of conduct credits depends on the purpose for which they are being calculated." (*People v. Arevalo* (2018) 20 Cal.App.5th 821, 827 [section 4019 governs calculation of credits when defendant convicted of violent felony is placed on probation, but section 2933.1 governs calculation if that defendant later sentenced to prison]; see also *Daniels, supra*, at pp. 739-742 [same].)

3

and granted him 650 total days of credit, divided into 566 actual days and 84 conduct days, with all of the conduct days capped at 15 percent of the total, pursuant to section 2933.1.

On February 3, 2023, Moore timely filed a notice of appeal. (§ 1237; Cal. Rules of Court, rule 8.308(a).)

## III. DISCUSSION

### A. Standard of Review

We review the trial court's interpretation of sections 2933.1 and 4019 de novo. (*People v. Yang* (2022) 78 Cal.App.5th 120, 125; see also *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294 ["We independently review questions of statutory interpretation. [Citation.]"].) In our review, we are guided by long-established principles of statutory interpretation. First, "our fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.]" (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.]" (*Ibid.*) "If the statutory language is unambiguous, then its plain meaning controls. If, however, the language supports more than one reasonable construction, then we may look to extrinsic aids, including the ostensible objects to be achieved and the legislative history. [Citation.]" (*People v. Cole* (2006) 38 Cal.4th 964, 975.)

### B. Section 4019

We first examine section 4019. Section 4019 "offer[s] prisoners in local custody the opportunity to earn 'conduct credit' against their sentences for good behavior." (*People v. Brown* (2012) 54 Cal.4th 314, 317.) In October 2021, the Legislature passed Senate Bill No. 317, which took effect on January 1, 2022, and amended section 4019 to expand eligibility for

presentence conduct credit to a prisoner confined in or committed to a mental health treatment facility. (*People v. Orellana* (2022) 74 Cal.App.5th 319, 333.) As a result, the statute now applies to "a prisoner [who] is confined in or committed to a state hospital or other mental health treatment facility, or to a county jail treatment facility[ ] . . . ." (§ 4019, subd. (a)(8).) We find this language unambiguous. (See *Orellana, supra*, at p. 333 ["The plain meaning of [subdivision (a)(8)] is that, as of January 1, 2022, defendants undergoing treatment for incompetence in a state hospital are eligible for section 4019 conduct credit on the same terms as those confined to county jails."].)

## C. Section 2933.1

Next, we turn to section 2933.1. Section 2933.1, subdivision (c), limits conduct credit earned under section 4019 to 15 percent of the actual period of confinement, but this limitation only applies to a confinement in "a county jail, industrial farm, or road camp, or a city jail, industrial farm, or road camp[.]" (§ 2933.1, subd. (c).) The parties agree, as do we, the plain language of the statute indicates the 15 percent limitation on conduct credit does not apply to persons confined in a state mental hospital.[4] (See *People v. Ramos* (1996) 50 Cal.App.4th 810, 816 [finding 15 percent in section 2933.1 unambiguously means 15 percent and nothing more.].)

## D. Correction of Moore's Conduct Credit on Remand

We conclude section 2933.1's 15 percent limitation does not apply to the time Moore spent at Patton, and section 4019 allows Moore to receive conduct credit for the time he spent at Patton after January 1, 2022. Therefore, Moore is entitled to 124 days of conduct credit for the 125 days he served at

---

[4] We acknowledge courts have found some of the language in section 2933.1 to be ambiguous, but we have not found any authority addressing the specific language of the statute at issue here.

Patton.[5]  (*People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358 ["Section 4019 . . . requires that a defendant actually serve two days in custody before he or she will be entitled to two additional days of conduct credit.  A defendant who serves an odd number of days is not entitled to an additional single day of conduct credit for his or her final day of actual custody." (Italics omitted.)].)

## IV.  DISPOSITION

The January 9, 2023, sentencing order is reversed and the matter is remanded to the trial court to give Moore an additional 106 days of conduct credit.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections.  In all other respects, the order is affirmed.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

DO, J.

---

[5]     We do not assess the accuracy of the calculation because both parties agree Moore is entitled to an additional 106 days of conduct credit for his time at Patton.