Filed 8/22/25  P. v. Alvarez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEPHEN GABRIEL ALVAREZ,<br><br>    Defendant and Appellant. | A170812, A170813<br><br>(Humboldt County Super. Ct. Nos. CR-2303634, CR-2400874) |

In these consolidated appeals involving two criminal cases (CR-2303634 and CR-2400874), Stephen Gabriel Alvarez challenges judgments imposed after he pled guilty to three counts of burglary (Pen. Code, §§ 459, 460).[1]  Alvarez's appointed appellate counsel filed a brief raising no issues and asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.[2]

Alvarez elected not to file a supplemental brief raising issues for appeal.  Nonetheless, based on our independent review of the record, we invited the parties to file supplemental briefs addressing (1) whether Alvarez admitted either of two burglaries were violent felonies within the meaning of section 667.5, subdivision (c)(21) and if there was a factual basis for any such

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Alvarez also filed a related petition for writ of habeas corpus (No. A172024), which we address by separate order.

1

admission, and (2) whether the trial court erred by awarding Alvarez presentence conduct credits pursuant to section 4019. Having considered the parties' briefs, we modify the trial court's award of presentence custody credits but otherwise affirm.

## BACKGROUND

### A.

A defendant convicted of a violent felony, as defined in section 667.5, may not accrue presentence conduct credits greater than 15 percent of their actual period of confinement. (§ 2933.1, subd. (c).) "One such violent felony is first degree burglary 'wherein it is *charged and proved* that another person, other than an accomplice, was present in the residence during the commission of the burglary.' (§ 667.5, subd. (c)(21).)" (*People v. Garcia* (2004) 121 Cal.App.4th 271, 274, italics added.)

### B.

In December 2023, J.C. was checking on a house for its out-of-town owner when she found Alvarez sleeping in a bedroom. Alvarez had entered through a window, consumed the owner's food and alcohol, damaged the water heater, and taken the owner's credit card.

Alvarez was charged by information (case number CR-2303634) with first degree burglary (§§ 459, 460, subd. (a)) and felony vandalism (§ 594, subds. (a), (b)(1)). The information specifically alleged the burglary was a violent felony, within the meaning of section 667.5, subdivision (c)(21), because "another person, other than an accomplice, was present in the residence during the commission of the [burglary]."

Alvarez initially pled guilty to first degree burglary in exchange for a grant of probation, an agreement that no additional jail time would be sought, and dismissal of the vandalism count. Alvarez also admitted (both orally and in the

written waiver form) that he was pleading guilty to a violent felony and acknowledged, "by pleading guilty . . . to a . . . violent felony ('strike'), the penalty for any future felony conviction will be increased as a result of my conviction in this case" and that "jail or prison conduct/work-time credit I may accrue will not exceed 15 percent."

At the change of plea hearing, the trial court advised Alvarez of the direct consequences of his plea, took an oral and written waiver of rights, found a factual basis, and found that the plea was freely and voluntarily made. After entry of his plea, the trial court released Alvarez on a *Cruz* waiver,[3] conditioned on (among other terms) him obeying all laws and appearing for the sentencing hearing scheduled for March 21, 2024.

Four days before his sentencing in the CR-2303634 case, Alvarez broke into two inhabited houses and, in fleeing, dropped a backpack that contained personal property belonging to one of the owners.

A new criminal complaint was filed (case number CR-2400874) that included four charges: first degree burglary (§§ 459, 460, subd. (a); count one); second degree burglary (§§ 459, 460, subd. (b); count two); misdemeanor resisting, delaying or obstructing a peace officer (§ 148, subd. (a)(1); count three); and misdemeanor cutting of a utility line (§ 591). The complaint specifically alleged that count one was a violent felony, within the meaning of section 667.5, subdivision (c)(21), "because

---

[3] *People v. Cruz* (1988) 44 Cal.3d 1247 permits the defendant and the court to enter into an agreement that a sentence in excess of the bargained-for term will be imposed if the defendant fails to appear for sentencing. (*Id.* at p. 1254, fn. 5; *People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.) Here, the trial court advised Alvarez that if he were to violate one of the terms of the waiver (including the requirement that he obey all laws), then "the plea would stand, but the terms would be off, meaning that the Court could select all the way up to prison."

another person, other than an accomplice, was present in the residence during the commission of the burglary."

In exchange for dismissal of the "special allegation" (as well as counts three and four) and a stipulated six-year prison term (to run concurrently to the sentence to be imposed for the CR-2303634 case), Alvarez pled guilty to counts one and two. At the change of plea hearing, the trial court advised Alvarez of the direct consequences of his plea, took an oral and written waiver of rights, found a factual basis, and found that the plea was freely and voluntarily made. The written plea form stated that the special allegation was being dismissed, along with counts three and four. But Alvarez also acknowledged, "by pleading guilty . . . to a . . . violent felony ('strike'), the penalty for any future felony conviction will be increased as a result of my conviction in this case" and that "jail or prison conduct/work-time credit I may accrue will not exceed 15 percent."

After Alvarez waived a presentencing report, the trial court imposed the stipulated six-year prison sentence on count one, a concurrent two-year term on count two, and a four-year concurrent term for the burglary in CR-2303634. The court awarded Alvarez credit for time served presentence. Although the court's and counsel's discussion of credits is somewhat ambiguous, the abstract of judgment indicates, in both cases, that full presentence conduct credits were awarded under section 4019.

In the CR-2303634 case, Alvarez was awarded total presentence credits of 281 days: 141 days' actual and 140 days' conduct credit. In the CR-2400874 case, Alvarez was awarded total presentence credits of 116 days: 58 days' actual and 58 days' conduct credit. Alvarez obtained certificates of probable cause (§ 1237.5) to challenge the judgments against him.

4

**A.**

Alvarez contends that there was no factual basis to support an admission, in either case, that he committed a violent felony within the meaning of section 667.5, subdivision (c)(21). We disagree. The People correctly concede that, in case CR-2400874, Alvarez did *not* admit the person present allegation; the special allegation was dismissed. However, the People are correct that Alvarez admitted the person present allegation in case CR-2303634, and that admission is supported by a sufficient factual basis. Accordingly, the trial court should have limited Alvarez's conduct credits.

**1.**

Whether a defendant's sentence is subject to the 15 percent credit-earning limitation under section 2933.1 is a matter of law we review de novo. (*In re Borlik* (2011) 194 Cal.App.4th 30, 35.) The People must give a defendant notice of the facts that restrict his ability to earn credit. (See *People v. Lara* (2012) 54 Cal.4th 896, 906.) The 15 percent credit limitation does not apply to a person convicted of first degree residential burglary unless it is pleaded and proven that the residence was occupied by a nonaccomplice at the time of the burglary. (*People v. Garcia, supra,* 121 Cal.App.4th at p. 274.)

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.] 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.) On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making

5

it, that the promisee understood it." ' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

When taking a plea, the trial court must "satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." (§ 1192.5, subd. (c); see *People v. Holmes* (2004) 32 Cal.4th 432, 435.) "[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea. The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion." (*Id.* at p. 443.)

**2.**

"[T]he occupied burglary enhancement applies if there is a person other than an accomplice present *at any time prior to the perpetrator's final departure* from the residence." (*People v. Munguia* (2016) 7 Cal.App.5th 103, 107 (*Munguia*), italics added.) "The briefest of overlaps between entry and the presence of a nonaccomplice suffices for the enhancement [citations], and it matters not whether a nonaccomplice is present at the time of entry or interrupts the burglary in progress; in either circumstance, the nonaccomplice is present during the commission of the burglary, thereby creating the very situation of danger at which the enhancement is directed." (*Id.* at p. 112.)

The record demonstrates that, in the CR-2303634 case, Alvarez was charged with first degree residential burglary and there were specific allegations that a nonaccomplice was present during his commission of that offense. When he entered his guilty plea, Alvarez explicitly acknowledged (both orally and in writing) that he was pleading to a violent felony (as charged) and that his presentence credits would be limited as a result. The prosecutor and Alvarez's counsel also stipulated that the preliminary hearing transcript provided the factual basis for Alvarez's plea. The preliminary transcript shows that J.C. (who

6

was not an accomplice) entered the home before Alvarez left. Despite Alvarez's argument to the contrary, that is all that is required.  (See *People v. Holmes, supra*, 32 Cal.4th at p. 442; *Munguia, supra*, 7 Cal.App.5th at pp. 112–113.)  There is no requirement that a nonaccomplice be present at the time of entry. (*Munguia,* at pp. 107, 112–113.)

Alvarez's reliance on *People v. Singleton* (2007) 155 Cal.App.4th 1332 is misplaced.  *Singleton* involved burglary of an apartment while the tenant was outside the apartment in an exterior, common hallway of the apartment building at all times. (*Id.* at pp. 1336–1337.)  The *Singleton* court construed the statutory term " 'present in the residence' " to mean "that a person, other than the burglar or an accomplice, has crossed the threshold or otherwise passed within the outer walls of the house, apartment, or other dwelling place being burglarized." (*Id.* at p. 1337.)  Accordingly, the tenant's presence outside of the apartment in an exterior common hallway was not sufficient to establish presence in the residence as required under the statute. (*Id.* at pp. 1337–1338.)

Here, in contrast, there is no question J.C. crossed the threshold of the residence during the burglary.  She merely was not present at the time of Alvarez's entry.  Thus, *People v. Singleton, supra,* 155 Cal.App.4th 1332 is not on point.  (See *Munguia, supra*, 7 Cal.App.5th at p. 113.)

The record shows that the parties intended, in the CR-2303634 case, for Alvarez's guilty plea to include an admission that someone other than an accomplice was present in the residence during the burglary.  There is an adequate basis for that admission.  However, in the CR-2400874 case, we accept the People's concession that the record demonstrates the parties intended to dismiss the special allegation.

7

**B.**

The above conclusion leads us to agree with the People that the trial court erred by awarding Alvarez full presentence conduct credit under section 4019, rather than limiting the award to 15 percent pursuant to section 2933.1, subdivisions (a) and (c).

"A sentence that awards custody credits exceeding statutory limits is unauthorized, and may be corrected whenever the error is discovered." (*People v. Valenti* (2016) 243 Cal.App.4th 1140, 1184, superseded by statute on another ground as stated in *People v. Brooks* (2018) 23 Cal.App.5th 932, 946.)

Alvarez insists that section 2933.1 has no application because he was purportedly "initially granted probation" in the CR-2303634 case. He is wrong.

"Section 2933.1[, subdivision] (c) generally limits presentence credits to 15 percent of actual time served when a defendant . . . is convicted of a violent felony listed in section 667.5, subdivision (c). But, section 2933.1[, subdivision] (c) only applies when the judgment results in the defendant's incarceration in state prison, and not when a defendant is on probation even if he or she was convicted of a section 667.5, subdivision (c) felony." (*People v. Daniels* (2003) 106 Cal.App.4th 736, 739.) "The calculation of conduct credits for purposes of granting probation is controlled by section 4019." (*People v. Arevalo* (2018) 20 Cal.App.5th 821, 827.) If the trial court later revokes probation and imposes a prison sentence, it must limit the defendant's conduct credits to 15 percent under section 2933.1, subdivision (c). (*People v. Arevalo, supra*, 20 Cal.App.5th at p. 828; *People v. Daniels, supra,* 106 Cal.App.4th at pp. 739-740.)

First, Alvarez was never placed on probation; he was released on a *Cruz, supra,* 44 Cal.3d 1247 waiver pending sentencing. Second, after the charges in the CR-2400874 case

8

were filed, he *was* sentenced to a prison term in the CR-2303634 case. Having imposed a prison sentence, the trial court was required to limit Alvarez's conduct credits to 15 percent under section 2933.1, subdivision (c). (*People v. Arevalo, supra,* 20 Cal.App.5th at p. 828; *People v. Daniels, supra,* 106 Cal.App.4th at pp. 739-740.)

It is also no matter that, as the People concede, Alvarez did not admit the person present enhancement in the CR-2400874 case. Section 2933.1, subdivision (c)'s limitation on presentence conduct credits applies, by its terms, to the offender, not to the offense, and limits a violent felon's conduct credits irrespective of whether all their offenses are violent felonies. (See *People v. Valenti, supra,* 243 Cal.App.4th at p. 1184; accord, *People v. Nunez* (2008) 167 Cal.App.4th 761, 765 ["[i]t is often said that the 15 percent cap applies to the offender, not the offense; thus, the 15 percent limit applies to each offense of a defendant's entire prison term if any of the offenses for which he is sent to prison is violent"]; *People v. Marichalar* (2003) 144 Cal.App.4th 1331, 1337.)

Under section 2933.1, subdivision (c), Alvarez was entitled to local conduct credit of only 15 percent, rather than full conduct credits under section 4019. In the CR-2303634 case, Alvarez should have been awarded total presentence credits of 162 days: 141 days' actual and 21 days' conduct credit. In the CR-2400874 case, Alvarez should have been awarded total presentence credits of 66 days: 58 days' actual and eight days' conduct credit. (See *People v. Ramos* (1996) 50 Cal.App.4th 810, 815-816 [15-percent calculation is rounded down to "the largest whole number of days which [does] not exceed 15 percent"].) We must order the judgment modified accordingly.

### DISPOSITION

The judgment in each case (CR-2303634 and CR-2400874) is modified to provide the correct presentence credits:

9

respectively, 162 days of total credits with 21 conduct credits for case CR-2303634 and 66 days of total credits with eight days conduct credits for case CR-2400874.  The trial court is directed to prepare amended abstracts of judgment reflecting the corrected calculation and the proper statutory basis (§ 2933.1, subd. (c)).  The clerk shall forward certified copies of the amended abstracts of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgments are affirmed.

BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.

*People v. Alvarez (A170812, A170813)*